David S. Canter, Esq. State Bar No. 144289
Daniel S. Cho, State Bar No. 260902
**NICOLSON LAW GROUP, PC**
21650 Oxnard Street, Suite 1410
Woodland Hills, CA 91367
Office Number:      (818) 858-1120
Facsimile Number:   (818) 858-1124
E-mail:  Cho@nicolsonlawgroup.com

Attorneys for Defendant, CHURCH and DWIGHT CO., INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| PAUL ADLER,<br><br>                    Plaintiff,<br><br>vs.<br><br>CHURCH and DWIGHT CO., INC. and DOES 1 TO 25, inclusive,<br><br>                    Defendants. | CASE NO:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY**<br><br>State Complaint Filed:  May 29, 2020 |

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. sections 1332, 1441(b), and 1446, Defendant CHURCH and DWIGHT CO., INC. ("Defendant" or "C&D"), by and through its counsel of record, hereby files and provides this Notice of Removal on the grounds set forth below:

1. On May 29, 2020, Plaintiff PAUL ADLER ("Plaintiff") commenced a civil action in the Superior Court of the State of California, County of San Bernardino, Case No. CIVDS2011377, entitled *Paul Adler v. Church & Dwight Co., Inc.* (the "State Court Action").

2. Defendant hereby removes this action from the Superior Court of the

1

---

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY

State of California for the County of San Bernardino to the United States District Court for the Central District of California, Eastern Division.  True and correct copies of the pleadings from the State Court Action are attached hereto as follows:

| **Exhibit** | **Date** | **Description** |
|---|---|---|
| A | May 29, 2020 | Complaint |
| B | May 29, 2020 | Summons |
| C | May 29, 2020 | Civil Case Cover Sheet |
| D | May 29, 2020 | Notice of Trial Setting Conference |
| E | May 29, 2020 | Certificate of Assignment |
| F | September 24, 2020 | Notice of Resetting Trial Setting Conference |

Exhibits A - F constitute all process and pleadings filed in the State Court Action to date.

3. Plaintiff's Complaint alleges a cause of action for premises liability arising out of a trip and fall incident that occurred on or about April 24, 2018 at a C&D plant located in Victorville, California (the "Premises").  Plaintiff prays for compensatory damages, including but not limited to past medical specials, future medical specials, loss of past earnings, and non-economic pain and suffering damages.  [*See* Ex. A, Complaint, ¶ 11].  Plaintiff claims that he has suffered and will suffer damages as a result of the subject incident.

4. Service of the Summons and Complaint upon Defendant was made by personal service on September 4, 2020 ("Complaint").  The Complaint did not indicate any amount for damages, whether in an amount according to proof or in an amount sum certain [See Ex. A, Complaint, ¶ 14].  Plaintiff has not served a Statement of Damages on Defendant as of the filing of this Notice of Removal.

5. Notwithstanding the foregoing, on September 25, 2020, Plaintiff, by and through his counsel of record, communicated that Plaintiff is seeking in excess

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY

**Nicolson Law Group, PC**
21650 Oxnard St., Suite 1410
Woodland Hills, CA 91367
P. 818.858.1120

of $75,000 in economic and non-economic damages, exclusive of interest and costs.  [See Declaration of Daniel S. Cho, ¶ 6, and Exhibit "1", thereto.]

6. Thus, based upon such communication, the time within which Defendant is required to file a Notice of Removal to this Court has not yet expired. *See* 28 U.S.C. § 1446(b)(1) - (3).

7. Additionally, this Notice of Removal is filed in advance of trial and within one year of commencement of the State Court Action.  Consequently, removal will not result in prejudice to Plaintiff, as this matter is in the initial pleading stages.

## BASIS FOR REMOVAL

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), because the State Court Action is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.  Further, this action may be removed from the Superior Court of California, County of San Bernardino pursuant to 28 U.S.C. § 1441(b), because Defendant is not a citizen of California.

9. Specifically, this action is between citizens of different states because of the following:

    a. Plaintiff was, at the time the State Court Action was commenced, and still is, a citizen of and domiciled in California.

    b. The citizenship of a corporation, for purposes of diversity, is the state where it is incorporated and the state where its principal place of business is located.  At the time the State Court Action was commenced, Defendant was a corporation organized and existing under the laws of Delaware, with its principal place of business located in New Jersey.  Therefore, for purposes of removal of this action, Defendant was, at the time the action was commenced, and still is, a citizen of Delaware and New Jersey and no other state.

    c. DOES 1 through 25 are named and sued fictitiously and their

1. citizenship is disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction. 28 U.S.C. §1441(b)(1).

10. Thus, there is complete diversity between Plaintiff (California) and Defendant (Delaware and New Jersey) and the complete diversity requirements are satisfied. See 28 U.S.C. §1332(a); *Hertz v. Friend*, 559 U.S. 77, 80-81, 130 S. Ct. 1181 (2010).

11. Removal to this District Court and division is proper under 28 U.S.C. § 1441(a) because this is the district and division embracing the place where the State Court Action is pending.

12. Presently, there is a Trial Setting Conference scheduled for January 5, 2021, at 9:00 a.m. in the State Court Action.

13. Written notice of the filing of this Notice of Removal is being promptly given to counsel for all parties and a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of California, County of San Bernardino as required under 28 U.S.C. § 1446(d), which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

WHEREFORE, Defendant hereby gives notice that the referenced action is removed in its entirety from the Superior Court for the State of California, County of San Bernardino, to the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441(a)-(b), and 1446.

Dated: October 5, 2020                     NICOLSON LAW GROUP, PC

                                            By:    /s/ Daniel S. Cho
                                                   Daniel S. Cho, Esq.
                                                   Attorneys for Defendant CHURCH and
                                                   DWIGHT CO., INC.

Nicolson Law Group, PC
21650 Oxnard St., Suite 1410
Woodland Hills, CA 91367
P. 818.858.1120

# PROOF OF SERVICE

I am a citizen of the United States. My business address is Nicolson Law Group, PC, 21650 Oxnard Street, Suite 1410, Woodland Hills, California 91367. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the document entitled:

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY

☒ (BY CM/ECF) I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

☐ (BY FAX) I transmitted via facsimile, from facsimile number (818) 858-1124, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date before 5:00 p.m. A statement that this transmission was reported as complete and properly issued by the sending fax machine without error is attached to this Proof of Service.

☐ (BY E-MAIL) On this date, I personally transmitted the foregoing document(s) via electronic mail to the e-mail address(es) of the person(s) on the attached service list.

☒ **(**BY MAIL**)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

Robert Russo, Esq.
9100 Wilshire Boulevard
Suite 505 East
Beverly Hills, California 90212
Telephone Number: (310) 278-7701
Facsimile Number:  (310) 278-0101
Attorney for Plaintiff, PAUL ADLER

☐ (BY PERSONAL SERVICE)  On this date, I delivered by hand envelope(s) containing the document(s) to the persons(s) on the attached service list.

☐ (BY OVERNIGHT DELIVERY)  On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

☒ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **October 5, 2020**, at Los Angeles, California.

*/s/Cheryl C. Crowley*