# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| PAUL ADLER, | CASE NO: 5:20-cv-02067 JGB (SPx) |
| Plaintiff, | |
| vs. | **ORDER RE: CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |
| CHURCH & DWIGHT CO., INC. and DOES 1 TO 25, inclusive, | |
| Defendant. | **[NOTE CHANGES MADE BY THE COURT TO PARAGRAPHS 12.3, 12.6]** |
| | |
| CHURCH & DWIGHT CO., INC., | Case Filed: October 5, 2020 |
| Third-Party Plaintiff, | State Court |
| vs. | Action filed: May 29, 2020 |
| VENTURA TRANSFER COMPANY, | Trial Date: January 11, 2022 |
| INC., and ROES 1 through 20, inclusive, | |
| Third-Party Defendants. | |

Pursuant to the Confidentiality Stipulation and Protective Order of the

Parties [Dkt. #24], the Court hereby orders as follows:

///

**1. A. <u>PURPOSES AND LIMITATIONS</u>**

The Parties believe that discovery in this action is likely to involve production of confidential, personal, business, competitive, proprietary, or private information and witness testimony for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby request this Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B. <u>GOOD CAUSE STATEMENT</u>**

This action is likely to involve medical records and private health information, personnel files, trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such

private, confidential and proprietary materials and information consist of, among other things, plaintiff's personal medical records, personnel file(s), confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. **DEFINITIONS**

2.1    <u>Action</u>: this pending federal law suit.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been consulted by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

-4-

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

///

///

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards, except plaintiff's medical records and personnel file which is presumed private and confidential. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

*Designation of Material.*  With the exception of plaintiff's medical records and personnel file from Ventura Transport, which said materials are presumed private and confidential, designation of any other information or documents as "Confidential Information" may be achieved by stamping or marking such materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Copies, extracts, summaries, notes, and other derivatives of Confidential Information also shall be deemed Confidential Information and shall be subject to the provisions of this Order.

*Applicability.*    This Order shall apply to the production of information and documents whether or not such materials are informally produced or produced in response to a formal discovery request, subpoena, or a Court order in this litigation.   This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the Parties  and of any and all current or former employees of either of the Parties.

*Inadvertent Production Without Designation.*   The inadvertent production of any information or document without a Confidential Information designation as provided herein shall be without prejudice to a subsequent claim that such material is Confidential Information.  If the Producing Party asserts that such materials include Confidential Information, the Receiving Party shall take prompt steps to ensure that all known copies of such material are marked as Confidential Information and treated as such.   Nothing in this section shall preclude a Party from challenging the propriety of the claim of confidentiality.

*Designation of Depositions.*  Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition.   A Party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected Parties and persons either prior to or during the deposition, or within thirty (30) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.  Until expiration of the aforementioned thirty (30)-day period, the entire deposition transcript and all exhibits thereto will be treated as Confidential Information under this Order.

///

///

**6. MODIFYING AND CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

The designation of Confidential Information may be modified or eliminated at any time in one of two ways, as explained below.

(a)     The Producing Party may agree in writing to modify or eliminate the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation concerning any material it produced;

(b)     If the Parties cannot agree as to the designation of any particular information or material after good faith discussion in accordance with the dispute resolution process under Local Rule 37.1 et seq., the Receiving Party may move the Court to eliminate or modify the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation. The burden of proving that the information has been properly designated as protected shall be on the Party who made the original designation. Until the Court rules, the disputed material shall be treated as Confidential Information.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

1.     *General Access.*

(a)      Except as otherwise expressly provided herein or ordered by the Court, Confidential Information designated as "CONFIDENTIAL" may be revealed only as follows:

(i)      To Counsel for a Party hereto (and secretaries, paralegals, and other staff employed in the offices of such Counsel who are working on the litigation);

(ii)      To the Parties, including their employees, officers, and directors, but only on an as-needed basis and to the extent necessary to prosecute or defend the claims asserted in this lawsuit, after they have been given a copy of this Order by their Counsel;

(iii)      To the Court and its official personnel;

(iv)      To court reporters and videographers transcribing a deposition, hearing, or other proceeding in this matter;

(v)      To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's counsel in good faith for the purpose of assisting in this litigation), provided that they have agreed to be bound by the terms of this Order

by signing a copy of a Consent in the form attached hereto as Exhibit A;

(vi) To third-party photocopying or document imaging contractors and third-party contractors producing visual or graphic presentation aids involved solely in providing litigation support services to counsel in this litigation;

(vii) To insurers of the Parties, but only to the extent necessary to analyze or determine potential coverage for the claims asserted in this lawsuit; and

(viii) To any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(b) Except as otherwise expressly provided herein or ordered by the Court, Confidential Information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be revealed only as follows:

(i) To Counsel for a Party hereto (and secretaries, paralegals, and other staff employed in the offices of such counsel who are working on the litigation);

(ii) To the Court and its official personnel;

-12-

(iii) To court reporters and videographers transcribing a deposition, hearing, or other proceeding in this matter;

(iv) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's counsel in good faith for the purpose of assisting in this litigation), provided that they have agreed to be bound by the terms of this Order by signing a copy of a Consent in the form attached hereto as Exhibit A;

(v) To third-party photocopying or document imaging contractors and third-party contractors producing visual or graphic presentation aids involved solely in providing litigation support services to counsel in this litigation;

(vi) To insurers of the parties, but only to the extent necessary to analyze or determine potential coverage for the claims asserted in this lawsuit;

(vii) To any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(c)     Nothing herein shall prevent the Producing Party from showing the documents or information that it produces to an employee, officer, or director of that party or from using the material in any way.

2.     *No Copies/Notes.*  Except for internal use by Counsel for the Parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, such as attorney work product, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

3.     *Disputes over Access.*  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the Party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is

-15-

protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by

the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of

-17-

disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12. MISCELLANEOUS**

12.1 *Right to Further Relief.* Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 *Right to Assert Other Objections.* By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 *Filing Protected Material.* Each document filed with the Court that contains or references any Confidential Information shall be filed with an application to file under seal in the manner specified in Rule 79-5 of the Local Rules of the United States District Court for the Central District of California.

12.4 *Use in this Litigation Only.* Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein. Nothing herein shall prevent the Producing Party from using the material <u>that it produces</u> in any way, in this

-18-

litigation or for any other purpose.

12.5 *Use at Depositions.*  If Confidential Information is to be discussed or disclosed during a deposition, the Producing Party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

12.6 *Use at Court Hearings.*  Subject to the applicable rules of evidence, Confidential Information may be offered into evidence at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party.  Any Party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.

12.7 *Reasonable Precautions.*  Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

12.8 *Third-Party Discovery.*  If a third party provides discovery to any party in connection with this action, and, if the third party so elects, then the provisions of this Order shall be available to that third party and shall apply to such discovery as if such discovery were being provided by a party.  Under such circumstances, the third party shall have the same rights and obligations under

-19-

this Order as held by the parties to this action. To the extent that information, documents, and/or deposition testimony are sought from a third party via subpoena or otherwise, and in the event any information, documents, and/or deposition testimony are obtained from a such third party, then such third-party shall have the right to designate any such information, documents, and/or deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and the use of such Confidential Information by any receiving party shall be governed in all respects by the terms of this Order.

12.9 *Other Proceedings.* Whenever any party is requested as part of another legal proceeding to disclose Confidential Information to persons or entities not authorized by this Order to have access to the same, the party so requested shall, as soon as reasonably practicable but in no event later than fourteen (14) days after receipt of the request, notify every party and nonparty who designated the documents as Confidential Information of the existence of such request. As long as an appropriate protective order governing confidential information is entered in that other legal proceeding, the party receiving the request need not withhold the Confidential Information for more than fourteen (14) days after notification is sent to the producing party unless the producing party has by then made an application with a court having jurisdiction over the other matter to preclude production of the Confidential Information, in which

case the party receiving the request shall await and abide by the court order resolving the issue.

12.10 *Return or Destruction After Litigation.* All documents, information, and things designated as Confidential Information, and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things the Court determines do not constitute Confidential Information. This provision does not apply to outside litigation counsel for each party, who may keep copies of all such documents as part of their case files.

12.11 *Not an Admission.* Nothing in this Order shall constitute an admission or acknowledgement by the Receiving Party that information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is actually Confidential Information. Furthermore, nothing contained herein shall preclude the Parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials, and privilege.

12.12 *Privileges/Objections.* Nothing in this Order shall require the disclosure of documents or information that counsel contends is otherwise protected from disclosure under the applicable rules of discovery (relevance, etc.)

or pursuant to the attorney-client privilege, the attorney work-product immunity, or other applicable privilege or immunity, or where such disclosure would breach an agreement with another to maintain such information in confidence, unless ordered by the Court.

12.13 *Lasting Obligations*.  All obligations and duties arising under this Order shall survive the termination of this action.  The Court retains jurisdiction indefinitely over the parties, and any persons provided access to Confidential Information under the terms of this Order, with respect to any dispute over the improper use of such Confidential Information.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:_June 29, 2021_          _____

                           Sheri Pym
                           United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____ [print or type full name], of

_____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Paul Adler v. Church & Dwight Co., Inc.*, United States District Court, Central District of California, Case No. 5:20-cv-020607 JGB (SPx), and related Third-Party Action.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____

1  [print or type full address and telephone number] as my California agent for

2  service of process in connection with this action or any proceedings related to

3  

4  enforcement of this Stipulated Protective Order.

5  Date: _____

6  

7  City and State where sworn and signed: _____

8  Printed name: _____

9  Signature: _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28