Law Office of Robert J. Russo
9100 Wilshire Blvd, Suite 505 East Tower
Beverly Hills, California 90212
Phone:  (310) 278-7701
Facsimile: (310) 278-0101
State Bar No: 101922
E-mail:  robertrussolaw@sbcglobal.net

David Hoffman, Esq., (SBN 140557)
Law Offices of David Hoffman, A Professional Corporation
21800 Oxnard Street, Suite 430
Woodland Hills, CA 91367
Phone:  (818) 346-3001
Facsimile No.:  (818) 346-3011
E-Mail: dhoffman@hoffmanlawcorp.com
Attorneys for Plaintiff, PAUL ADLER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| PAUL ADLER,<br><br>                    Plaintiff,<br> vs.<br><br>CHURCH and DWIGHT CO. INC., and DOES 1 to 25, inclusive,<br><br>                    Defendants. | CASE NO: 5:20-cv-02067 MEMF (SPx)<br><br>**PLAINTIFF PAUL ADLER'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO AMEND THE COURT'S ORDER RE SCHEDULE OF PRETRIAL DATES [DKT. 52] AND PERMIT FILING OF FIRST AMENDED COMPLAINT**<br><br>[Filed Concurrently with Notice Of Lodging Proposed First Amended Complaint;  Declaration of David Hoffman, Exhibits, and Proposed Order] |
| CHURCH & DWIGHT CO., INC.<br><br>        Third- Party Plaintiff<br><br>                vs.<br><br>VENTURA TRANSFER COMPANY,<br><br>INC., and ROES 1 through 20, inclusive,<br><br>        Third-Party Defendants | Trial Date: February 13, 2023<br>Discovery Cut-Off Date: 10/31/22<br><br>Date:  November 3, 2022<br>Time: 10:00 a.m.<br>Place:  Courtroom 8b |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at November 3, 2022, at 10:00a.m., or as soon thereafter as counsel may be heard in Courtroom 8b of the above-entitled court, located at 350 W. First Street, Los Angeles, CA 90012, plaintiff, Paul Adler, will move the Court for an order modifying the pretrial scheduling order of September 14, 2022, and to permit the filing of a First Amended Complaint ("FAC") to conform to proof and clarify existing negligence claims without adding any new parties or categories of damages. The FAC should be deemed served on all parties defendant for service of a responsive pleading. This motion is authorized by Rule 15 of the Federal Rules of Civil Procedure, is based on diligent discovery, the revelation of facts that could not have been known or appreciated at the commencement of the action, and which does not add any new parties, but clarifies legal theories for liability against defendant, Church & Dwight, both of which sound in negligence: (1) a previously pleaded dangerous drainage system in the chemical receiving bay that defendant created and constructed without building plans or permits or any engineering; and (2) employee negligence by Alexander Martinez, an (former) compounder who was authorized by Church & Dwight to receive the chemical delivery from plaintiff, and who saw Adler was already hooked up when he came out from Quality Control to accept the delivery. Martinez avoided entering the chemical bay to open the Church & Dwight valves by standing outside, looking at Adler which impelled Adler to walk over and open them for him. However, Martinez distracted Adler as he walked back and caused Adler to trip and fall over the obstruction in the chemical delivery bay. Both, in combination, were causes of severe injuries that have disabled Adler.

This motion, an amended pretrial conference order and the FAC is authorized by Rule 16 of the Fed. Rules. Civ. Proc. The amendment is based on good cause, due diligence and revolves around the same nucleus of operative fact and a single occurrence. The interests of judicial economy and substantial justice between the parties warrant granting the motion.

The following changes, additions and deletions, are proposed as between the unverified Complaint and unverified First Amended Complaint (FAC):

### "Preliminary Allegations Related to All Claims"

1.      FAC ¶1, at p.2, lines 6-12, makes a subject matter jurisdiction statement: "This Court has subject matter jurisdiction over the case and controversy, and any pendant or ancillary state claims under its diversity of citizenship jurisdiction, pursuant to 28 U.S.C. §1332, because the defendant, Church & Dwight, *infra*, is not a citizen of California, and based on information and believe, it is headquartered in New Jersey. The amount in controversy exceeds $75,000."

2.      FAC ¶2, at p.2, lines 13-19, alleges, "*VENUE…* This action for personal injuries stems from an incident and occurrence on April 24, 2018, at Church & Dwight's improved property and manufacturing plant, in Victorville, California. The action was removed to the United States District Court by Church & Dwight after it was put on notice and served with process with a lawsuit commenced by plaintiff in San Bernardino Superior Court, and thereafter transferred from the U.S. District Court for the Central District in Riverside to the United States District Court in Los Angeles."

3.      SAC ¶¶3-6, p.2, line 20 - p.3, line 21, identifies the Parties, ¶3. At all times relevant, Plaintiff was a resident of the county of Los Angeles, who was acting in the course and scope of his employment for his Long Beach-based employer, to wit, Ventura Transport Company, *infra*, during the occurrence and incident at Church & Dwight in Victorville. ¶4. Church and Dwight, Co., Inc. (Church & Dwight) owns and operates, manages and controls improved real property in Victorville, California, where the incident occurred on April 24, 2018. It also employed a resident of Hemet, California, Alexander Martinez, as a compounder, and Martinez participated in the tortious conduct and occurrence while he was acting in the course and scope of his employment for Church & Dwight. Plaintiff is informed and believes that while Church & Dwight has been the owner of the property where the incident occurred, it is not a California corporation or headquartered in California, but claims New Jersey residency. ¶5. At all

times herein mentioned, defendants, and each of them, whether specifically named or liable by imputation as an employee or employer, were the agents, servants, employees, joint venturers, consultants, partners, co-conspirators, associates and legally liable participants with every other defendant, whether specifically named or designated herein as a DOE defendant in state superior court from which this originated, and each of the others, and in doing the things hereinafter mentioned, were acting within the course and scope of their authority as agents, servants, employees, consultants, partners and joint venturers, and with said authority, consent, ratification and permission of their co-defendants, and each of them. ¶6. Plaintiff is informed and believes that Church & Dwight filed and served a cross-complaint for indemnity against plaintiff's employer, Ventura Transport Company, over the same occurrence, and that Ventura Transport Company entered an appearance in this action and is presently defending the Church & Dwight cross-complaint. Ventura Transport Company filed no cross-complaint on its own, and has not undertaken to prosecute the plaintiff's third-party claim against Church & Dwight."

### FIRST CAUSE OF ACTION

### (Negligence: Premises Liability Against Church & Dwight)

4.      FAC ¶7, at p.3, lines 7-26, incorporates the preliminary allegations into the first count for negligence, premises liability, against Church & Dwight.

5.      FAC ¶8, at p.4, lines 1-4, alleges, "At all times herein relevant, plaintiff was an able-bodied, reasonably trained and qualified journeyman truck driver who regularly delivered chemicals for his employer, Ventura Transport Company, to its customers like the defendant, Church & Dwight."

6.      FAC ¶9, at p.4, lines 5-16, alleges, "On eleven prior visits to Church & Dwight to deliver chemicals in its chemical delivery bay, plaintiff was allowed to proceed with his work without distraction or departure from Church & Dwight procedures for hooking up an air hose and flexible (product) hose to the back of his trailer in the delivery bay/pit, without walking in or about and near an obstruction created by Church &

PLAINTIFF PAUL ADLER'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO AMEND THE COURT'S ORDER RE SCHEDULE OF PRETRIAL DATES [DKT. 52] AND PERMIT FILING OF FIRST AMENDED COMPLAINT

Dwight, to wit, an above-ground drainage system comprised of a PVC pipe and protective steel housing, next to nondescript wheel stops that were intended avoid rolling over and damaging the PVC drain pipe, but which created a tripping hazard and an unreasonable risk of harm to persons like plaintiff, working in the pit, which no reasonable licensed engineer or licensed contractor would have designed or constructed or fabricated, and was unpermitted construction by an unlicensed contractor, and which obstruction was avoidable with a feasible and economical subterranean drainage system.

7.    FAC ¶10, at p.4, lines 17-27, alleges, "At all times relevant, neither the steel housing for the drainage system, nor the wheel stops were reasonably maintained and painted with any bright and contrasting and distinguishing colors so that they did not stand out, and in the moment, it was not apparent or obvious how tall or high the steel protective cover was, and how close it was to the wheel stops. Neither was there any posted or painted warning to avoid the area similar to a "No Step," that would demark areas to avoid and/or for a pedestrian's extreme caution. The failure to reasonably maintain the steel box and wheel stops and the area they occupied near the pumping matrix, contributed to and exacerbated an unreasonable risk of tripping and falling for visiting truck drivers like Paul Adler, who were present for brief intervals."

8.    FAC ¶11, at p.4, line 28 – p.5, line 6, alleges, "Plaintiff is informed and believes that Church & Dwight also knew warning pedestrians about the drainage system obstruction in the pit would not avoid the likelihood of tripping and falling, even if it regarded the obstruction as open and obvious. It also knew about but did not record plaintiff's fall and injuries as an incident, and therefore plaintiff alleges, on information and belief, there were many undocumented and ignored or overlooked near-falls and trips and falls by pedestrians in the area."

9.    FAC ¶12, at p.5, lines 7-12, alleges, On the day of the incident, April 24, 2018, plaintiff was for the first time induced or impelled to walk near and about the drainage system by an employee of Church & Dwight, Alexander Martinez, and in the moment, plaintiff did not see or appreciate he was next to and could be injured by

striking the dangerously configured steel box with his boot, and then tripping onto the wheel stops and flexible hose, suffering severe injuries, *infra*.

10.     FAC ¶13, at p.5, lines 13-21, alleges, "As a direct and proximate result of the defendant's negligence in configuring the chemical delivery bay with an obstruction it knew would promote and cause tripping and falling, plaintiff suffered severe injuries that included a deranged knee, fractured rib, contusions and abrasions, for which he has required two surgeries, multiple injections, therapies and he requires and will require continuing care and treatment that has caused and will continue to cause permanent disability to some degree and general damages in excess of the minimum jurisdiction of this Court for past and future physical pain, mental suffering, anxiety, inconvenience, loss of quality of life, disfigurement and emotional distress, according to proof at trial."

11.     FAC ¶14, at p.5, lines 22-27, alleges, "As a further direct and proximate result of the aforesaid negligent acts, omissions and conduct, plaintiff has suffered a loss of earnings and wages, and his earnings capacity as a truck driver is impaired or worse, because he is disabled from doing substantially the same job duties he did before he was injured by defendant's negligence. The lost earnings and loss of capacity will be proved at trial."

12.     FAC ¶15, at p.6, lines 1-5, alleges, "As a further direct and proximate result of the defendant's negligence plaintiff has required the services, care and treatment of many different family members, healthcare providers, and he has incurred substantial sums for his care, treatment and maintenance, and will continue to do so in the future, all to his economic damages, according to proof at trial."

## SECOND CAUSE OF ACTION

### (Negligence: Employee Actions and Omissions; Violation of Policies & Procedure Against Church & Dwight)

13.     FAC ¶16, at p.6, lines 7-13, incorporates the preliminary allegations and first count into the second count for negligence, employee negligence and *respondeat superior,* against Church & Dwight.

PLAINTIFF PAUL ADLER'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO AMEND THE COURT'S ORDER RE SCHEDULE OF PRETRIAL DATES [DKT. 52] AND PERMIT FILING OF FIRST AMENDED COMPLAINT

14.     FAC ¶17, at p.6, lines 14-21, alleges, "At all times herein mentioned, defendant adopted and implemented policies and procedures for compounders like Alexander Martinez who received chemical deliveries similar to what plaintiff delivered for Ventura Transport Company on April 24, 2018, and on eleven prior occasions. The Church & Dwight procedures required that, among other things, Mr. Martinez enter the chemical delivery bay to open, close and control Church & Dwight valves at the matrix, to receive the tanker delivery from Adler's truck, while Adler opened the two sets of valves for his trailer-tanker."

15.     FAC ¶18, at p.6, line 22 – p.7, line 5, alleges, "Church & Dwight did not post, publish or promulgate its own policies and procedures for deliveries so that Ventura Transport Company drivers like plaintiff were at the mercy or beck and call of Church & Dwight receivers like its compounder, Alexander Martinez, who was expected to abide Church & Dwight policies and procedures. Plaintiff was not aware of the Church & Dwight procedures governing Martinez, and had no time to reflect on the propriety of Martinez directing him to open the Church & Dwight valves on that occasion so Martinez could avoid entering the chemical bay pit. Plaintiff believed Martinez had authority to direct him and did as Martinez asked. Plaintiff did not appreciate the proximity and danger of the steel box and drainpipe in the moment, and he tripped and fell while Martinez continued to distract him."

16.     FAC ¶19, at p.7, lines 6-11, alleges, "If Martinez had followed Church & Dwight policies and procedures on April 24, 2018, plaintiff would not have been exposed to the elevated risk of injury the drainage system posed, and he would have avoided injury as was the case for prior deliveries, but because Martinez did not do his job, disregarded Church & Dwight's policies and procedures, plaintiff was seriously injured and suffered the damages alleged herein."

17.     FAC ¶20, at p.7, lines 12-17, alleges, "Furthermore, Martinez did not file a mandatory written report about plaintiff's incident or occurrence, which omission was motivated by Martinez's consciousness of guilt violating delivery procedures, which was

then compounded and aggravated by failing to abide a reporting requirement system that proved untrustworthy but was ratified by Church & Dwight which took no action against Martinez for violating procedures.

18.    FAC ¶21, at p.7, lines 17-19, alleges, "By virtue of the conduct alleged herein, plaintiff was severely injured and suffered and will suffer future disability and other non-economic and economic harms as alleged, all according to proof at trial."

## PRAYER FOR RELIEF

19.    FAC ¶PRAYER, p.7, line 21- p.8, line 6, alleges, *"WHEREFORE*, Plaintiff prays for judgment against Church & Dwight, as follows: ¶1. For past and future general damages, for non-economic harms, in an amount according to proof at trial; ¶2. For special and economic damages, including medical expenses incurred and for the future, lost earnings and earnings capacity, and any and all incidental and consequential expenses, in an amount according to proof at trial; ¶3. For prejudgment interest permitted by law and costs of suit incurred herein; and ¶4. For such other and further relief as the Court may order as just and proper."

The amendments are made in good faith, and based on due diligence in discovery so that they are offered according to proof. No legally tenable claim of prejudice can be made by the defendant, because the amendments revolve around facts and circumstances and were known by it and its employee, Alexander Martinez.

The amendment is proposed by motion after attempting to obtain a stipulation from Church & Dwight, the only defendant. The meet and confer attempt did not achieve a stipulation, and the time to amend by motion had expired months before without any challenge to its form.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities in support thereof, the declaration of David Hoffman, the proposed First Amended Complaint, the Court's file, and on such other and further documentary and/or oral evidence as may be presented at the hearing hereof.

1    This motion is made following conferral of counsel pursuant to Local Rule 7-3

2   which took place September 27, 2022.

3

4                                                Respectfully submitted,

5   Dated: October 4, 2022          LAW OFFICES OF ROBERT J. RUSSO

6                                                LAW OFFICES OF DAVID HOFFMAN

7                                                A Professional Corporation

8   By: _____

9                                                DAVID HOFFMAN, ESQ., Attorneys for

10                                               Plaintiff, PAUL ADLER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF PAUL ADLER'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO AMEND
THE COURT'S ORDER RE SCHEDULE OF PRETRIAL DATES [DKT. 52] AND PERMIT FILING
OF FIRST AMENDED COMPLAINT

1

### **MEMORANDUM OF POINTS AND AUTHORITIES**

### **1.   INTRODUCTION, PROCEDURAL POSTURE AND SUMMARY OF ARGUMENT.**

This personal injury case was commenced in San Bernardino Superior court on a form complaint that was removed to the United States District Court, and was never the subject of a motion before the defendant's motion for summary judgment. In an abundance of caution, if the form complaint does not adequately cover or include broad enough allegations of employee negligence (*respondeat superior*), plaintiff would like to clarify to allege two counts of negligence: premises liability, which was explicitly pleaded, and employee negligence, which can only be inferred from the personal injury allegations and is not articulated well in the operative complaint.

The attached first amended complaint (FAC) clarifies how Mr. Martinez violated Church & Dwight's policies and procedures by inducing Adler to open the Church & Dwight valves on April 24, 2018, so that Martinez would not have to enter the chemical delivery pit, and in the process of doing so, Martinez distracted Adler and caused him to trip and fall over the dangerous above-ground drainage system. Martinez simultaneously violated another Church & Dwight policy and procedure by not reporting the incident, and neither was he the subject of any employer action as a consequence.

These facts were developed in deposition testimony from William Morales, Alexander Martinez, Dominique Odell, and the plaintiff. The documents turned over by Church & Dwight show there were written policies and procedures for the delivery of product by people like Mr. Adler and if it is true there were few if any incidents of tripping and falling over the drainage system, it was because the other receivers (compounders) did not ask the delivery drivers to do extra work so they could remain by their rigs while the valves were opened and closed and the pump then turned on and off. It minimized movement near the drainage system that no engineer or licensed contractor would design or construct because of the tripping hazard it introduced for humans in the

PLAINTIFF PAUL ADLER'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO AMEND THE COURT'S ORDER RE SCHEDULE OF PRETRIAL DATES [DKT. 52] AND PERMIT FILING OF FIRST AMENDED COMPLAINT

course of protecting PVC pipe. That calculus is flummoxing because an alternative design was feasible, inexpensive and would have been workmanlike construction, contrary to what continues to exist in defiance of the building and safety laws.

**2.** **GOOD CAUSE EXISTS TO FILE THE FIRST AMENDED COMPLAINT BECAUSE IT IS TIMELY, CONFORMS TO FEDERAL RULES OF PLEADING IN DIVERSITY JURISDICTION CASES AND ARTICULATES NEGLIGENCE IN TWO COUNTS, THE FIRST FOR PREMISES LIABILTIY AND THE SECOND FOR EMPLOYEE NEGLIGENCE BY VIOLATING CHURCH & DWIGHT POLICIES AND PROCEDURES.**

Rule 16 of the Federal Rules of Civil Procedure authorizes amending the pre-trial conference order regarding amending pleadings based on good cause, to wit, diligent discovery of employee negligence that was not explicitly pleaded or known until depositions were completed. Mr. Martinez was deposed on June 21, 2022, after numerous attempts to subpoena him when Church & Dwight did not produce him.

Justice for the plaintiff warrants authorizing the proposed first amended complaint to conform to federal pleading conventions and clarify plaintiff's negligence claims against Church & Dwight. See, *Walker v. Armco Steel Corp.* 466 U.S. 740 (1980) (diversity case follows forum state limitations law); *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 408-409 (1999); *Smeltzley v. Nicholson Mfg. Co.*, 18 Cal.3d 932, 938  (1977) (new defendant re defective product; approving, *Grudt v. City of Los Angeles*, 2 Cal.3d 575, 584-585 (1970) (violation of safety rules is evidence of negligence), and *Pointe San Diego Residential Community, L.P. v. Procopio, Cory, Hargreaves & Smith*, 195 Cal.App.4th 265, 276-277 (2011).

The motion cut-off date for amending the complaint was April 30, 2021, and this motion is timely. Plaintiff attempted to meet and confer to achieve a stipulation for filing the FAC, including providing a copy to Church & Dwight. Defense counsel opposed.

Mr. Martinez violated not only policies and procedure for bulk transfers by not operating the valves, he then also violated another by not reporting an injury occurrence for Paul Adler. See, Grudt v. L.A., 2 Cal. 3d 575, 587-588 (1970) ) (violations of safety rules admissible evidence of negligence); *Dillenbeck v. Los Angeles*, 69 Cal. 2d 472, 482 (1968) (same).

There is no legally tenable claim that amending the complaint to clarify the mechanisms of injury would be prejudicial even if detrimental on the merits because it was a Church & Dwight employee, not someone unconnected to Church & Dwight and the law countenances imputed liability for an employee's negligence so that the amendment is unquestionably sound.

## 3. **CONCLUSION.**

The Court should grant an amendment because it is timely, accords conventions for pleading complaints in federal court, clarifies existing claims while distinguishing two species of negligence in the April 24, 2018, occurrence at Church & Dwight. Church & Dwight created a dangerous condition with the drainage system, exacerbated it by not maintaining it well, and its employee, Mr. Martinez violated policies and procedures that caused plaintiff to do Mr. Martinez's job and trip and fall in the process over the steel box covering a PVC pipe.  Mr. Martinez violated a second policy, to wit, filing a written incident report, to avoid accountability for the first violation.

Respectfully submitted,

Dated: October 4, 2022          LAW OFFICES OF ROBERT J. RUSSO

LAW OFFICES OF DAVID HOFFMAN
A Professional Corporation

By: _____
DAVID HOFFMAN, ESQ., Attorneys for Plaintiff, PAUL ADLER

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

     I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 21800 Oxnard Street, Suite 430, Woodland Hills, CA  91367.

5

6

7

8

     On October 6, 2022**,** I served **PLAINTIFF PAUL ADLER'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO AMEND THE COURT'S ORDER RE SCHEDULE OF PRETRIAL DATES [DKT. 52] AND PERMIT FILING OF FIRST AMENDED COMPLAINT,** the interested parties, as follows:

9

10

11

| | |
|---|---|
| David S. Canter, Esq.<br>Daniel S. Cho, Esq.<br>NICHOLSON LAW GROUP, PC<br>21650 Oxnard Street, Suite 1410<br>Woodland Hills, CA  91367<br>Phone No.: (818) 858-1120<br>Fax No.: (818) 858-1124<br>canter@nicolsonlawgroup.com<br>cho@nicolsonlawgroup.com | Jeff Whittington, Esq.<br>Nooshin Didarmorshedi, Esq.<br>KAUFMAN BORGEEST & RYAN LLP<br>21700 Oxnard Street, Suite 1450<br>Woodland Hills, CA  91367<br>Phone No.: (818) 961-8027<br>Fax: (818) 880-099<br>jwhittington@kbrlaw.com<br>ndidarmorshedi@kbrlaw.com |

12

13

14

15

16

17

18

☒  **(by ELECTRONIC SERVICE)** I caused such documents to delivered today.

19

20

☒    **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct under laws of the United States of America.

21

22

     Executed on October 6, 2022, at Woodland Hills, California.

23

24

_____
                   Signature

25

Deleta Drummer
_____
                   Print Name

26

27

28

PLAINTIFF PAUL ADLER'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO AMEND THE COURT'S ORDER RE SCHEDULE OF PRETRIAL DATES [DKT. 52] AND PERMIT FILING OF FIRST AMENDED COMPLAINT